## CIRCUIT COURT OF WARREN COUNTY

The Peoples' Bank
of Front Royal

v.

William D. Thomas
and Mary Robinson

December 20, 1991

Case No. (Law) 91–111

BY JUDGE JOHN E. WETSEL, JR.

This case is before the Court for decision on the evidence presented *ore tenus* on December 19, 1991, as to whether a note signed by Mary Robinson on February 27, 1991, may be rescinded. Based upon the evidence and as stated from the bench, I am of the opinion that Mary Robinson is liable to The Peoples' Bank of Front Royal on the note of February 27, 1991. I make the following [findings and conclusions].

### I. *Findings of Fact*

The following facts have been established by the preponderance of the evidence.

The defendant, Mary Robinson, was a co-signer on a promissory note payable to The Peoples' Bank of Front Royal dated February 27, 1991, in the amount of $17,457.12. Mrs. Robinson is age 57, has an eleventh grade education, and is the owner and operator of a gift shop.

The promissory note is in default for nonpayment, and the outstanding balance on the note is $7,912.65 with interest thereon due at thirteen percent from October 16, 1991. The promissory note provides for the recovery of reasonable attorneys' fees.

The co-maker, William D. Thomas, is the son-in-law of the defendant, Mary Robinson. On the morning of February 27, 1991, Thomas approached Robinson in her home at 3860 Neal Drive, Winchester, Virginia, and asked her to co-sign the note. Thomas told Robinson that in order to pay child support to Mrs. Robinson's daughter, he needed a job, that to obtain a job, he needed an automobile, and that to obtain an automobile, he needed her to sign for a loan at The Peoples' Bank of Front Royal.

Ms. Cheryl McDonald, a loan officer for the bank, accompanied Thomas to the Robinson residence and was present when the note was signed by Mrs. Robinson. Mrs. Robinson knew Ms. McDonald because Ms. McDonald had been to the Robinson residence on two prior occasions to get the signature of Mr. Robinson on one occasion and that of Mrs. Robinson on the other on a personal loan that the Robinsons had with the bank.

Mrs. Robinson admitted that she knew she was co-signing a note for her son-in-law and that she would be liable if Thomas did not pay the note. She said that she told Thomas, "Bill, I am doing this because I want you to get your life together."

## II. *Conclusions of Law*

Robinson claims that Thomas was an agent of People's Bank at the time she signed the note on February 27, 1991. The burden is on Robinson to prove that an agency relationship ·existed between Thomas and Peoples' Bank. "There is no presumption that an agency exists; a person legally is presumed to be acting for himself and not as the agent of another." *Allen v. Lindstom*, 237 Va. 489, 496, 379 S.E.2d 450 (1989).

"[A]gency cannot ordinarily be proved solely by the utterances of purported agent." *Fleming v. Bank of Virginia*, 231 Va. 299, 306, 343 S.E.2d 341 (1986). The person relying on an agency must look beyond the mere utterances of the agent. Examining the totality of the circumstances surrounding the signing of the note on the morning of February 27, 1991, there is no evidence to show that either Thomas or Cheryl McDonald represented that Thomas was an agent of the bank. Prior to Thomas' signing the note, there were no representations or actions made by Thomas or the bank which either actually, or could be reasonably inferred to, clothe Thomas with the authority to act for the bank. In this case, there has been no proof that Thomas

had the actual authority to bind the bank. As stated in Restatement (2d) of Agency, § 27 (1957):

> [A]pparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third party to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.

As of February 27, 1991, there was no act by the bank, other than the mere presence of Cheryl McDonald, its loan officer, at the residence of Mrs. Robinson. The mere presence of Ms. McDonald at the Robinson residence is not enough to clothe Thomas with any actual or apparent authority to bind the bank. Therefore, in the instant case, the acts of Thomas may not be imputed to the bank.

Robinson claims that note should be set aside because of fraud, undue influence, or duress. In the instant case, the terms of the note are clear, and the obligations of the co-signer stated in the note above the signature block of the co-signed clearly state:

> You [the co-signer] are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

The bank is a holder in due course, Virginia Code Section 8.3–302, and the burden is on Robinson to prove fraud, duress, or undue influence. Virginia Code § 8.3–305. None of these affirmative defenses have been proven by Robinson in this case.

"Failure to read a contract before signing it will not, as a rule, affect its binding force." 17A Am. Jur. 2d, *Contract*, § 225. The contract in question was clear, and the liability imposed upon Robinson for signing the note is conspicuously stated in the signature block portion of the note just above Robinson's signature. Whatever entreaties Thomas made to Robinson to induce her to sign the note, with respect to his needing a car to get a job in order to pay child support to Robinson's daughter, they do not rise to the level of fraud justifying the rescission of the note insofar as Robinson's liability is concerned. Mrs. Robinson knew that she was co-signing a note and would be liable if Thomas defaulted. As stated in *Massie v. Firmstone*, 134 Va. 450, 462, 114 S.E. 652 (1922):

No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified.

### III. *Decision*

For the foregoing reasons, Robinson is liable on the note to the bank in the amount of $7,912.65 with interest thereon from October 16, 1991, at 13% plus reasonable attorney's fees. Counsel for the bank is directed to file a verified petition in support of his application for attorney's fees and to prepare and circulate a judgment order.